United States District Court
Southern District of Texas
**ENTERED**
May 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL G. SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00044 |
| | § | |
| MEGAN R. THOMPSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Daniel G. Sanchez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g). The three-strikes provision of § 1915(g) applies to this case even though Plaintiff was released from custody during the pendency of this action. *See Dingler v. Southern Health Partners*, No.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas.  In this civil rights action, Plaintiff names the following McConnell Unit officials: (1) Megan R. Thompson, Unit Law Library Security Officer; (2) Candance R. Moore, Unit Law Library Supervisor; and (3) Evelyn Castro, Warden. (D.E. 1, pp. 1, 3).

Plaintiff alleges that Defendant Thompson denied him an "offender/offender legal visit" with inmate Julio Palomo, in violation of TDCJ Policy ATC-055. Plaintiff states that such decision should have been issued by the Access-To-Court (ATC) supervisor instead. Plaintiff further alleges that Defendant Moore, who is the ATC Supervisor, allowed Defendant Thompson to exceed her authority and that Defendant Castro failed to informally resolve this situation. Plaintiff seeks injunctive relief.

At the Court's request, Plaintiff supplemented the complaint with a More Definite Statement of his claims.  (D.E. 12).   Plaintiff alleges the following in his More Definite Statement.

---

3:19-cv-2737, 2019 WL 1643787, at *1 (N.D. Tex. Feb. 26, 2020).

TDCJ Policy ATC-055 provides the following in pertinent part: (1) legal visits are allowed between two offenders to discuss issues pertaining to actual or potential legal action; (2) offenders requesting a legal visit are required to submit an I-60 to the ACT Supervisor; (3) the ATC Supervisor must complete an ATC-055-1 to determine whether or not to grant the requested legal visit; (4) an offender's request for a legal visit may be denied for various security concerns or for failure to articulate a true need for the legal visit; and (5) such grounds for denying a legal visit do not apply if the offenders are in the same recreation group.  (D.E. 12, pp. 2-5).  This policy does not allow a security officer to take the place of the ATC Supervisor in making this determination.  (D.E. 12, p. 4).  TDCJ Policy ATC-055 further directs unit staff to interview the offenders separately to verify the reason for the legal visit.  (D.E. 12, pp. 1, 5).

Inmate Palomo had legal documentation to verify that his family attorney misled him about a filing date, causing Palomo's petition to the court to be time barred.   Plaintiff and Palomo requested a legal visit to discuss Palomo's options in keeping his petition alive. Without conducting any type of investigation into the request for the legal visit, Officer Thompson and not ATC Supervisor Moore denied the legal visit request.  (D.E. 12, p. 6). Despite the denial of the legal visit, Palomo was able to appeal his case to the Fifth Circuit Court of Appeals and then to the Supreme Court.

Plaintiff filed a Step 1 grievance, which was denied by Warden Castro on the grounds that Plaintiff and Palomo did not qualify for a legal visit.  (D.E. 12, p. 8).

Plaintiff's Step 2 grievance was denied based on the reasons set forth in the Step 1 response. (D.E. 12, p. 8).

While his requested legal visit related to his desire to assist Palomo, Plaintiff states that he also is being denied the ability to file non-frivolous claims under the Constitution and the "American Disability Act," in which he seeks to challenge the conditions of his confinement. (D.E. 12, pp. 8-9). Plaintiff alleges that Officer Thompson once falsely charged Plaintiff with assaulted her with a weapon. Plaintiff was found guilty in the disciplinary case and sanctioned by having his earning class reduced one level, being placed in close-custody for nine months, and being placed in medium custody for three months. (D.E. 12, p. 9).

Plaintiff believes that ATC Supervisor Moore aided Officer Thompson in denying the legal visit with Palomo. Plaintiff sues Warden Castro because she is responsible for the actions of her subordinates and failed to remedy Plaintiff's related informal complaints and grievances. Plaintiff clarifies that he seeks injunctive relief only and sues each defendant in their individual and official capacities.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief

above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Denial of Access to Court

#### *(1) Defendants Thompson and Moore*

Plaintiff claims that Defendants Thompson and Moore violated his First Amendment right to access the courts. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones*,

188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  *Lewis*, 518 U.S. at 349.  In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial.  *See Lewis*, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff's allegations indicate that the sole purpose for his legal visit revolved around assisting Palomo with his legal issues.  Plaintiff alleges in a conclusory manner that he also is being denied the ability to file non-frivolous claims seeking to challenge the conditions of his confinement.  Plaintiff provides no explanation as to how the denial of Plaintiff's request to visit with Palomo regarding Palomo's legal matters would prevent Plaintiff from challenging his own conditions of confinement in a state or federal court.  Indeed, the filing of this action belies any suggestion that Officer Thompson or ATC Supervisor Moore have denied Plaintiff meaningful access to the courts.

Thus, regardless whether Palomo's status as a litigant was adversely impacted by Officer Thompson's denial of the requested legal visit, Plaintiff fails to show that he suffered any actual injury resulting from either Officer Thompson's or ATC Supervisor Moore's failure to adhere to TDCJ Policy ATC-055.   Accepted as true, Plaintiff's allegations fail to state a plausible First Amendment claim for denial of access to courts because his allegations fail to suggest he has been denied the ability to present a case or otherwise has lost an actionable claim.   Because he fails to allege an actual injury, the undersigned respectfully recommends that Plaintiff's First Amendment claims against Defendants Thompson  and Moore be dismissed as frivolous and/or for failure to state a claim for relief.[2]

### (2)   *Defendant Castro*

Plaintiff sues Warden Castro in his supervisory capacity with respect to the actions of Defendants Thompson and Moore . "Personal involvement is an essential element of a civil rights cause of action."  *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

---

2 Plaintiff fails to state any constitutional claim independent of any right to access the courts with respect to denial of his legal visit with Palomo.  No constitutional right exists for face-to-face legal visits with other inmates.  *See Mann v. Davis*, No. 6:16cv1315, 2020 WL 8840317, at *7 (E.D. Tex. Nov. 9, 2020).  In addition, the failure of Defendants Thompson and Moore to follow TDCJ Policy ATC-055 in denying Plaintiff's request for a legal visit does not, without more, amount to a due process violation.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Because Plaintiff has failed to state an underlying claim for denial of access to the courts against Defendants Thompson and Moore, he cannot state a claim for supervisory liability against Warden Castro. *Lerma v. Stevens*, No. 5:15-CV-070, 2015 WL 12978190, at *3 (N.D. Tex. Sep. 29, 2015) (citing *Breaux v. City of Garland*, 205 F.3d 150, 151 (5th Cir. 2000)). Even if he could successfully state such a claim, Plaintiff alleges nothing to indicate Warden Castro personally participated in the denial of Plaintiff's constitutional rights or should otherwise be held liable in a supervisory capacity.

The undersigned further notes that Plaintiff offers several allegations that center on his dissatisfaction with Warden Castro's decision to reject and/or ignore Plaintiff's various informal complaints and grievances. Such allegations, however, fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor);

*Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, it is respectfully recommended that Plaintiff's claims against Warden Castro be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B.      Retaliation

Liberally construed, Plaintiff appears to claim in his More Definite Statement that Officer Thompson retaliated against him in denying the legal visit after a disciplinary case was brought against him on charges Plaintiff had assaulted Officer Thompson with a weapon.  (D.E. 12, pp. 8-9).

Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights.  *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972).  Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'"  *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights.  *Morris*, 449 F.3d at 686.  Thus, "[a] prison official may not retaliate against or harass an inmate for exercising

the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

11 / 14

In this case, Plaintiff's allegations of retaliation are conclusory and merely reflect his personal belief he was the victim of retaliation by Officer Thompson. Plaintiff offers no specific facts to support his threadbare allegations of retaliation. Even if Plaintiff could show that Officer Thompson's actions were motivated by any retaliatory intent, the act of denying a legal visit to assist another offender with that inmate's legal case is of such a *de minimis* nature to Plaintiff as to not form the basis of a § 1983 claim. *See Morris*, 449 F.3d at 686. Accordingly, it is respectfully recommended that Plaintiff's retaliation claims against Officer Thompson be dismissed as frivolous and/or for failure to state a claim for relief.

### C.    Due Process

Liberally construed, Plaintiff claims that his due process rights were violated when a false disciplinary case was brought against him based on allegations he had assaulted Officer Thompson with a weapon. Plaintiff alleges that was found guilty and sanctioned by having his earning class reduced one level, being placed in close-custody for nine months, and being placed in medium custody for three months. (D.E. 12, p. 9).

The Supreme Court has held that due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995). In other words, "[p]risoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally

protected liberty interest." *Hall v. Thaler*, No. H-07-0763, 2010 WL 883730, *6 (S.D. Tex. Mar. 11, 2010).

None of the sanctions imposed on Plaintiff constituted an "atypical and significant hardship." *Sandin*, 515 U.S. at 484-86. Plaintiff's reduction in line class fail to implicate due process concerns. *See Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995). Furthermore, an inmate does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). *See also Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.' ") (*quoting Sandin*, 515 at 484).

Accordingly, it is respectfully recommended that Plaintiff's due process claims against Officer Thompson in connection with his disciplinary case be dismissed as frivolous and/or for failure to state a claim.

## V.    RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on May 3, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).