United States District Court
Southern District of Texas
**ENTERED**
October 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL G. SANCHEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-44 |
| § | |
| MEGAN R. THOMPSON, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Daniel G. Sanchez's complaint (D.E. 1, 12) for initial screening. On May 3, 2021, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation to Dismiss Case (M&R, D.E. 13), recommending that the case be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Sanchez, who received the M&R on May 7, 2021 (D.E. 16), timely filed objections (D.E. 15) on May 13, 2021. *See* D.E. 15, p. 24.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**DISCUSSION**

Sanchez's objections are set out in the form of a dialog, presenting separate statements from the M&R, followed by Sanchez's responses. For the most part, he simply disagrees with the Magistrate Judge, repeating his assertions, asking questions, and suggesting that he is the victim of judicial bias. Such general arguments, unsupported by appropriate authority, do not point out with specificity any error in the M&R, as required by Federal Rule of Civil Procedure 72(b)(2). They are not proper objections and do not require a specific ruling.

Reading the document liberally in favor of Sanchez, the Court discerns sixteen (16) objections, reorganized for ease of disposition, and addressed in turn, below.

### A. General Standards and Treatment

1. The Magistrate Judge erred in treating Sanchez's assertions not as established facts, but as mere allegations, insufficient to support his claims; and she employed a double standard by not allowing Sanchez to offer evidence in support of his claims. D.E. 15, pp. 2, 6, 8, 9, 10, 13.

Each of the first four objections addresses some level of the Magistrate Judge's overall approach to Sanchez's pleading or briefing, calling into question her adherence to the standard of review. In his first objection, Sanchez takes issue with the recitation that he "alleged" certain facts. Instead, he says, he "asserted" them and they were entitled to treatment as true. Sanchez appears to believe that the Magistrate Judge dismissed his claims because she did not credit his factual assertions. Sanchez is mistaken.

The standard of review, as correctly recited in the M&R, requires that all factual allegations, pleadings, or assertions, however labeled, be taken as true so long as they are

not patently unworthy of belief or conclusory. *See* D.E. 13, p. 5; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). There is no indication that Sanchez's assertions were deemed not credible and no factual statements were disregarded merely because they were described as allegations. Instead, the M&R evaluated each legal theory on its merits and it was the failure of the facts to meet all the elements necessary to show entitlement to relief under the various theories that required dismissal.

The initial screening is decided on the pleadings, so the decision to dismiss before presentation of evidence is not a double standard. The standard of review requires the court to assume that the evidence will support the factual assertions. But where, as here, the factual assertions are insufficient to meet the requirements of the claims, dismissal on the pleadings is appropriate—prior to the submission of evidence that backs them up. Sanchez's first objection is OVERRULED.

> 2. The Magistrate Judge failed to construe the complaints liberally in favor of Sanchez as a layperson and, instead, held him to a higher standard. D.E. 15, pp. 3, 7, 8, 9, 11.

In his second objection, Sanchez complains that he was not afforded the liberal construction of pleadings that is ordinarily accorded to prisoners who file pro se and do not have legal experience. "[A] prisoner's pro se pleading is reviewed under a less stringent standard tha[n] those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it." *Myles v. Falk*, CIV.A. H-12-0640, 2012 WL 4801484, at *1 (S.D. Tex. Oct. 9, 2012) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). "At the same time, however, mere conclusory

allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).

Sanchez is not being held to a higher standard as he claims. He is being held to the threshold standards for facts of a type that allow relief on a constitutional claim. Constitutional claims generally involve high bars for relief. The M&R simply showed that the nature of Sanchez's complaint (construed liberally and entitled to reasonable inferences) did not meet those high bars. Sanchez's second objection is OVERRULED.

> 3. The Magistrate Judge failed to treat Sanchez's factual assertions and constitutional theories as raising nonfrivolous claims. D.E. 15, p. 8.

In his third objection, Sanchez complains that his fact pleadings and constitutional claims are being treated as frivolous—as insubstantial or illegitimate. The Magistrate Judge did not disregard the facts or the constitutional claims. After considering them, the Magistrate Judge found that the facts were not sufficient to meet the requirements of the constitutional claims. Sanchez's claims cannot be brought based on the allegations he presents.

The allegations "fail to state a claim upon which relief may be granted" in the terms of Rule 12(b)(6). They also fail the test of Rule 11(b)(2), which requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Such failed claims may be deemed "frivolous."

The M&R's conclusion that some of Sanchez's claims are "frivolous" does not suggest that the facts are not as he says or that the constitutional claims do not exist. The conclusion is that it is well-established that such facts do not satisfy all of the requirements of the constitutional legal theories he has pled. The third objection is OVERRULED.

> 4. The Magistrate Judge erred in labeling this case as a "strike" because Sanchez has alleged actionable claims. D.E. 15, p. 13.

The fact that Sanchez has failed to state a claim upon which relief can be granted and/or has stated frivolous claims, none of which survive the screening review, means that the Magistrate Judge was correct to treat the dismissal as a "strike." 28 U.S.C. § 1915(g). Sanchez's fourth objection is OVERRULED.

### B. Treatment of First Amendment Claim

> 5. The Magistrate Judge failed to treat the TDCJ policy as mandatory, requiring that the request be investigated before a joint law library visit between inmates could be denied. D.E. 15, pp. 4-5.

Sanchez's fifth objection suggests that the failure to investigate the request for the legal visit—as required by the relevant TDCJ policy—is enough to state a First Amendment claim for access to courts. But Sanchez does not provide any authority for the proposition that the TDCJ policy regarding the manner of granting or denying a request—the investigation—was constitutionally required. Instead, as the M&R sets out, a First Amendment claim for denial of access to courts requires an actual injury—the loss of a legal claim. It was the failure to allege such an actual injury that resulted in the recommended dismissal of the claim. Because the investigation is not a constitutional

requirement and because the claim failed on independent grounds, the Court OVERRULES the fifth objection.

### C. Treatment of Claims Against Castro

6. The Magistrate Judge failed to recognize Sanchez's claim that Defendant Castro failed to properly train personnel and adhere to TDCJ policy. D.E. 15, p. 5.

In his sixth objection, Sanchez complains that the M&R overlooked his claim regarding enforcing TDCJ policies and training Defendants Thompson and Moore to do the same. The M&R does not expressly address a failure to train claim, but Sanchez's claim fails to meet the legal requirements for § 1983 municipal liability. Municipal liability is the term that applies to such an allegation related to supervisory duties.

"Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983" as the moving force behind a constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Sanchez has failed to allege sufficient facts to make a claim related to failure to train personnel. Nothing in his complaint rises to the level of suggesting that Defendant Castro was deliberately indifferent in depriving any prisoner of access to the law library in a manner contrary to TDCJ policy.

The M&R's review of the pleading and § 1983 requirements was sufficient to dismiss any claim for failure to train. The Court OVERRULES the sixth objection.

7. The Magistrate Judge erred by failing to find that Defendant Castro engaged in affirmative conduct sufficient to create individual liability

> under § 1983 when Castro (a) failed to intervene and enforce TDCJ policies in violation of Sanchez's constitutional rights and/or (b) knowingly approved of, or participated in, the employees' conduct. D.E. 15, pp. 2-3, 14, 15, 16, 17.

In his seventh objection, Sanchez suggests that his pleadings against Defendant Castro are sufficient to meet the requirements for individual liability. He cites, without discussing, *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992) and *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). The M&R cited *Thompson* and *Mouille* for the propositions that (a) personal involvement is required to state a civil rights action against a defendant, and (b) there are specific scenarios required for assessing individual liability against a person who holds only a supervisory position relevant to the claim.

Without citing any other relevant authority, Sanchez characterizes Defendant Castro's inaction—failure to intervene to prevent the act—as personal involvement in the act. However, Sanchez's claims against Defendant Castro are exclusively tied to supervisory authority as warden. As the M&R demonstrated, the allegations are insufficient to state a § 1983 claim. Moreover, Sanchez acknowledges that Castro is no longer warden and that his claim against Castro, limited to injunctive relief, is now moot. D.E. 15, p. 15. Sanchez's seventh objection is OVERRULED.

> 8. The Magistrate Judge erred in failing to recognize that Defendant Castro engaged in unconstitutional conduct in improperly denying grievances. D.E. 15, p. 17.

In his eighth objection, Sanchez argues that grievance systems are constitutionally required and he faults Defendant Castro for denying his grievances related to Defendants

Thompson and Moore's conduct. As the M&R sets out in full, grievance systems are not constitutionally required and complaints about improper rulings on grievances do not state a constitutional claim. D.E. 13, pp. 9-10. Because Sanchez fails to cite any legal authority or factual allegation that would require a different holding and has failed to make any argument that the M&R's treatment of the issue was legally improper, he has failed to properly brief this objection and it is OVERRULED.

> 9. The Magistrate Judge violated the Code of Judicial Conduct by refusing to allow Sanchez's claims against Castro to go to a jury. D.E. 15, p. 16.

In his ninth objection, Sanchez complains of a violation of the Code of Conduct for United States Judges promulgated by the Judicial Conference of the United States:[1]

> CANON 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY
>
> An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

This complaint does not have merit.

The Magistrate Judge's recommended disposition of Sanchez's claims is a result of the proper application of the law to Sanchez's pleadings. Nothing in the M&R can be construed as a violation of rules of conduct. Thus, the ninth objection is baseless and it is OVERRULED.

---

[1] *See* https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-2-ethics-and-judicial-conduct/part-codes-conduct/ch-2-code-conduct-united-states-judges (last visited October 8, 2021).

### D. Treatment of Due Process Claim

10. The Magistrate Judge erred by rejecting Sanchez's claim for arbitrary denial of his grievances on the basis that the claim does not implicate a liberty interest. The needless discouragement of Sanchez's exercise of constitutional rights implicates a liberty interest to support a due process claim. D.E. 15, p. 18.

In his tenth objection, Sanchez asks the Court to disregard clearly established law regarding the application of a due process claim to a grievance procedure. He argues that any constitutional complaint (here, the insufficient claim for access to the law library) stated in a grievance is enough to require the grievance procedures to offer all of the requirements of due process. The argument is contrary to the law, as set out in the M&R, and is offered without citation to authority. *See* D.E. 13, pp. 9-10. As the M&R observes, grievance systems are laudable, but are not constitutionally mandated. *Id*. The tenth objection is OVERRULED.

### E. Treatment of Claim for Retaliation

11. The Magistrate Judge failed to recognize a claim for retaliation that would have discouraged another prisoner from pursuing legal rights and that has caused Sanchez mental anguish injuries and a false disciplinary case. D.E. 15, pp. 19-22.

In his eleventh objection, Sanchez appears to complain that the Magistrate Judge recommended that his retaliation claim be denied because he was not actually deterred from pursuing his legal rights. However, the basis for the recommendation of dismissal was that the allegations were impermissibly conclusory and because the injury—denial of a law library visit to assist another inmate—was *de minimis*. D.E. 13, p. 12. Sanchez's

only challenges to the actual bases for the recommendation are in the form of simple disagreements, without briefing of law or facts to satisfy the requirements of the claim. The eleventh objection is OVERRULED.

### F. Treatment of Injury or Prejudice

12. The Magistrate Judge erred in failing to treat Julio Palomo's loss of an appeal and the damage to Sanchez's reputation and well-being as injuries causally linked to Defendants' conduct. D.E. 15, pp. 3, 12, 19.

Sanchez's twelfth objection addresses the issue of injury and prejudice with respect to his claims for denial of access to the courts and retaliation. He claims that the alleged constitutional violations caused Palomo to lose his appeal and Sanchez to lose his reputation for being a legal scholar, which in turn contributes to his depression and lack of self-esteem. As the M&R notes, Sanchez has not demonstrated that either he or Palomo lost any substantial legal claims in the courts because of the denial of the joint visit to the law library. Any such allegations are impermissibly conclusory and no further light was shed on them in the objections.

Sanchez's attempt to extend the concept of a legal injury to a loss of reputation or self-esteem is not supported by authority. The twelfth objection is OVERRULED.

### G. Additional Claims

13. The Magistrate Judge failed to recognize that Sanchez stated a due process claim because he was made to choose between eating and attending his assigned library sessions, which also constitutes cruel and unusual punishment and a denial of equal protection. D.E. 15, pp. 6, 23.

Sanchez's original complaint was limited to claims based on the denial of his grievances regarding his request for a joint law library visit. D.E. 1. He expanded his claims in a more definite statement, as ordered by the Magistrate Judge. D.E. 8, 12.[2] In that more definite statement, he does not assert a claim related to a deprivation of food. Instead, in trying to assert his need for the law library joint visit, he simply lists a number of constitutional claims in conclusory form. As relevant here, these additional claims are pled as follows:

> Violation(s), of rights and privileges, entitlements of an Institutionalized person, denial of Access to Court, Due Process, Equal Protection, Cruel and Unus[u]al Punishment, whatever other, this Honorable Court may deem as entitlements and privileges of the petitioner, as an Institutionalize[d] individual, was unlawfully denied.

D.E. 12, p. 5.

Simply listing the name of constitutional claims is insufficient to survive a screening review, as no factual elements necessary to the claims were pled. There was no error in the Magistrate Judge's refusal to countenance such cryptic claims, which cannot be supported by the most liberal construction of the pleadings. The Court OVERRULES the thirteenth objection.

> 14. The Magistrate Judge failed to recognize that Sanchez has stated a claim for misuse or abuse of power. D.E. 15, p. 10.

While Sanchez argues that he made a claim for abuse of power, there is no such claim in either of his pleadings. D.E. 1, 12. The fourteenth objection is OVERRULED.

---

[2] Sanchez also filed a more definite statement without leave of court, after the Magistrate Judge issued the M&R. D.E. 14. The Court does not consider this late-filed pleading.

15. The Magistrate Judge failed to recognize that Sanchez has stated a claim for violation of his First Amendment right to peaceably assemble. D.E. 15, pp. 10, 11, 22.

Sanchez's only use of terminology regarding the right to peaceably assemble is in the context of his claim for violation of his right to access the courts. D.E. 12, p. 5. He has not articulated a separate claim. The fifteenth objection is OVERRULED.

16. The Magistrate Judge failed to consider Sanchez's claim against the library staff as related to his disability and inability to use the building inmate restroom. D.E. 15, p. 20.

Sanchez's only reference to a disability claim related to restroom availability was in relation to his separate lawsuit on that claim. D.E. 12, pp. 8-9 (referencing *Sanchez v. Moore*, No. 20-40349 (Fifth Circuit), appealing No. 2:19-cv-69 (S.D. Tex., D.E. 45, pp. 9-11) (challenge to restroom policy dismissed under the deliberate indifference standard)). Because Sanchez did not state the claim as a live issue in this action, the Magistrate Judge was correct to omit it from the recommended disposition here. The sixteenth objection is OVERRULED.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Sanchez's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Sanchez's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITH**

**PREJUDICE** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 12th day of October, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE